# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

CULY CONSTRUCTION &
EXCAVATING, INC.,

      Plaintiff,

    v.

LANEY DIRECTIONAL DRILLING CO.,

      Defendant.

Case No. 2:12-cv-4
JUDGE GREGORY L. FROST
Magistrate Judge E.A. Preston Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of a motion to dismiss filed by Culy Construction & Excavating, Inc. ("Culy") (ECF No. 16); a memorandum in opposition filed by Laney Directional Drilling Co. ("Laney") (ECF No. 21); a reply memorandum filed by Culy (ECF No. 26); and a surreply memorandum filed by Laney (ECF No. 28). Also before the Court is a combined motion to strike and motion for leave to file a surreply. (ECF No. 27.) For the reasons that follow, this Court **DENIES** the motion to strike (ECF No. 27), **GRANTS** the motion for leave to file a surreply (ECF No. 27), and **GRANTS IN PART and DENIES IN PART** the motion to dismiss (ECF No. 16).

## I. Background

According to the pleading, Culy Construction & Excavating, Inc. ("Culy") entered into a subcontract with Laney Directional Drilling Co. ("Laney") on November 25, 2010. Laney was to drill nine horizontal direction drill bores for bundle pipes as part of a project involving the underground installation of pipes, known as the AEP – 138KV Roberts to OSU Project. The nine horizontal direction drill bores are identified as AEP CSX Railroad, OSU # 1 CSX Railroad, OSU # 2 CSX Railroad, AEP Olentangy River, OSU # 1 Olentangy River, OSU # 2

Olentangy River, Kenny Road, Lane Avenue, and AEP Scioto River. Culy had supplied Laney with bid information, which had included soil bores of each respective crossing and indicated that the areas included sand, silts, little gravel, and trace amounts of cobbles. Included within the subcontract terms was that Laney had from December 2010 to June 2011 to complete the work and that if changes were required, Laney would be entitled to additional compensation.

After undertaking performance, Laney discovered that the subsurface conditions differed from the conditions represented by Culy. Instead of sands, silts, little gravel, and trace amounts of cobbles, Laney encountered substantial cobbles. Laney therefore encountered delay in its performance, the loss of its tools, and damage to its equipment. Culy agreed to pay additional compensation above the subcontract amount for change orders to the AEP Olentangy River crossings and the OSU Olentangy crossings, allegedly promising that the additional amounts would be determined at a later date if Laney resumed work on the crossings. Culy later demanded, however, that Laney complete the OSU Olentangy crossings for the original prices. Culy also failed to obtain the necessary permits for two railroad crossings, despite having that obligation under the subcontract, until after the scheduled completion date for the work. Additionally, Culy failed to provide Laney unlimited and adequate physical access to the crossings as required under the subcontract. Laney left the project before its completion due to timing restraints imposed by The Ohio State University's football schedule.

Culy gave two of the crossings to another contractor. Although Culy paid Laney an agreed amount for the deletion of one crossing, Culy has failed to pay Laney for the deletion of the Kenny Road crossing. Laney has completed four other crossings, but has not completed the OSU # 2 CSX Railroad, OSU # 1 Olentangy River, and OSU # 2 Olentangy River crossings.

After Culy initiated the captioned case against Laney, Laney filed counterclaims. (ECF No. 10.) Culy has filed a motion to dismiss three of the counterclaims. (ECF No. 16.) The parties have completed briefing on the motion to dismiss, which is now ripe for disposition.

## II. Discussion

### A. Standard Involved

Culy moves for dismissal on the grounds that Laney has failed to set forth claims upon which this Court can grant relief. This Federal Rule of Civil Procedure 12(b)(6) argument requires the Court to construe Laney's pleading in Laney's favor, accept the factual allegations contained in that pleading as true, and determine whether the factual allegations present any plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The Supreme Court has explained, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Consequently, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

To be considered plausible, a claim must be more than merely conceivable. *Twombly*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). What this means is that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at

3

555. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

## B. Analysis

As a threshold matter, the Court must first decide what briefing is properly before this Court. Laney asserts in its combined motion to dismiss and motion for leave to file a surreply that Culy improperly attached as an exhibit to its reply memorandum "what it purports to be the contract or some portion of the contract between Culy and American Electrical Power." (ECF No. 27, at 1.) Arguing that it has had no opportunity to ascertain the attachment's authenticity, completeness, or applicability, Laney asks the Court to strike or refuse to consider the document. In the alternative, Laney asks the Court to accept its proffered surreply. Laney additionally offers that a surreply is necessary because Culy has advanced arguments in the reply memorandum that Culy did not raise either at all or fully in its motion to dismiss. Rather than attaching a proffered surreply to its combined motion to dismiss and motion for leave to file a surreply, Laney has improperly already filed the surreply on the docket. (ECF No. 27.)

This Court declines to strike Culy's exhibit. Instead, the Court shall afford the exhibit the consideration it warrants. In light of this decision and recognizing Laney's argument regarding Culy raising new or substantively tweaked arguments in the reply memorandum, the Court accepts the already filed surreply for consideration. *See Thompson v. TransAm Trucking, Inc.*, 750 F. Supp. 2d 871, 884 (S.D. Ohio 2010) (permitting surreply when reply memorandum raised issues for the first time). Having thus determined what documents are properly before the Court, this Court turns to the merits of the motion to dismiss.

The first counterclaim that Culy targets is Count Two, in which Laney asserts a promissory estoppel claim. Construing Ohio law, the Sixth Circuit has recognized that, "[t]o

4

succeed on a promissory estoppel claim, [a plaintiff] must show that defendants made a promise, that they should have reasonably expected that promise to induce action or forbearance on the part of [the plaintiff], and that the promise did induce such action or forbearance." *Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 F. App'x 374, 385 (6th Cir. 2011) (citing *McCroskey v. State*, 8 Ohio St.3d 29, 30, 456 N.E.2d 1204, 1205 (1983)). The party pursuing the claim "also must show that the promise was 'clear and unambiguous,' that its reliance on that promise was 'reasonable and foreseeable,' and that it was 'injured by the reliance.' " *Id.* at 385-86 (quoting *Doe v. Adkins*, 110 Ohio App.3d 427, 437, 674 N.E.2d 731, 737 (1996)).

Culy argues that such a quasi-contract claim is not permissible because the pleading establishes that the entire relationship between the parties is governed by the subcontract. Under Ohio law, "the presence of an enforceable contract . . . generally precludes promissory-estoppel claims relating to the contract." *Valente v. Univ. of Dayton*, 438 F. App'x 381, 386 (6th Cir. 2011). Necessarily construing the pleading as true, the Court accepts that Culy agreed to pay the full contract sum plus an additional amount to be determined later. This presents a multi-part bargain: return to work now in exchange for a set amount and a negotiated additional amount.

Whether viewed as a modifying promise made subsequent to contract formation or as a second agreement, *see Mers v. Dispatch Printing Co.*, 19 Ohio St.3d 100, 104, 483 N.E.2d 150, 154 (1985), this agreement to agree later on an amount of additional payment is not negated by the existence of the original subcontract–a contract that itself neither fully fixes the parties' obligations nor wholly defines their bargained-for benefits. Because the legal relationship of the parties is fully fixed only by consideration of the later negotiation, the instant case does not fall within the rule of cases such as *Countrywide Petroleum Co. v. El-Ghazal Gasoline Services,*

5

*Inc.*, No. 2011 CA 00120, 2012 WL 826600, at *4 (Ohio 5th Dist. Ct. App. Mar. 12, 2012) (declining to recognize promissory estoppel claim where a valid and enforceable contract governed the legal relationship between the parties). It is not for this Court to decide on a motion to dismiss the nature of the parties' subsidiary contractual arrangement. *See DeSanzo v. Titanium Metals Corp.*, 351 F. Supp. 2d 769, 778-79 (S.D. Ohio 2005).

Culy also asserts that Laney cannot pursue its promissory estoppel claim because there is no clear and unambiguous promise involved, the first element of such a claim under Ohio law. *Delphi Auto. Sys., LLC*, 418 F. App'x 385; *Baseball at Trotwood, LLC v. Dayton Prof'l Baseball Club, LLC*, 204 F. App'x 528, 540 (6th Cir. 2006). The modification or subsidiary agreement does not, however, present the sort of conditional circumstances that would preclude a promissory estoppel claim here. Laney asserts that "Culy's promise to pay was not subject to an uncertain or conditional condition precedent." (ECF No. 21, at 9.) This Court agrees. Culy insists that Laney alleges at best only a future conditional assurance to negotiate, but the apparent promise was to pay an additional amount. The resumption of work triggered immediate payment of the set contract amount and this additional payment obligation, with the duration and context of that resumed work then factoring into how much more Culy would need to pay. The parties would then negotiate the additional amount due. This arrangement to negotiate on *how much* additional payment would be due is distinguishable from an agreement to negotiate over *whether* additional payment would be due. Thus, there is a certain obligation here that punctures Culy's argument of uncertain, conditional terms.

In its reply memorandum, Culy then raises a number of additional arguments for dismissal of Count Two. But as this Court has explained, "a reply brief is not the proper place to

raise an issue for the first time." *United Tel. Co. of Ohio v. Ameritech Servs.*, Inc., No. 2:10-cv-249, 2011 WL 53462, at *3 n.2 (S.D. Ohio Jan. 7, 2011). Consequently, the Court need not and will not consider Culy's new or newly recast arguments, which moots the belatedly submitted exhibit issue mentioned at the outset of this section and means that the Court will not opine on the clarity of payment terms argument Culy advances too late. *See Cooey v. Strickland*, No. 2:04-cv-1156, 2010 WL 3212079, at *12 (S.D. Ohio Aug. 12, 2010) (foregoing consideration of argument improperly raised for first time in reply memorandum); *Tolstih v. L.G. Elecs., U.S.A., Inc.*, No. 2:07-cv-582, 2009 WL 3241665, 6 (S.D. Ohio Oct.2, 2009) (refusing to consider an argument improperly raised for the first time in a reply memorandum); *Piergallini v. Alfa Leisure, Inc.*, No. 2:06-cv-0555, 2008 WL 687167, at *5 (S.D. Ohio Mar.11, 2008) (declining to address an argument improperly raised for the first time in a reply memorandum); *Ferron v. Search Cactus, L.L.C.*, No. 2:06-cv-327, 2007 WL 1792332, at *4 (S.D. Ohio June 19, 2007) (rejecting an argument improperly raised for the first time in a reply memorandum).

In summary, either the subsequent agreement served to modify the subcontract terms so that Laney can pursue recovery under its breach of contract theory or, as pled in the alternative, there was no modification effectuated and Laney can pursue recovery of the additional amount under a promissory estoppel theory. Dismissal of Count Two is not warranted at this juncture.

In Count Three of its answer and counterclaim, Laney asserts a negligent misrepresentation claim. The Sixth Circuit has recognized that a plaintiff asserting a negligent misrepresentation claim under Ohio law must

> demonstrate that defendants, "in the course of [their] business, profession or employment, or in any other transaction in which [they had] a pecuniary interest, supplie[d] false information for the guidance of others in their business transactions,"

7

did so without exercising "reasonable care or competence in obtaining or communicating the information," that [the plaintiff] justifiably relied on that information, and that "pecuniary loss" resulted from that reliance.

*Delphi Auto. Sys., LLC*, 418 F. App'x at 387 (quoting *Delman v. City of Cleveland Heights*, 41 Ohio St.3d 1, 4, 534 N.E.2d 835, 838 (1989)). Culy argues that dismissal of such a claim is warranted here for essentially four reasons; the Court declines to address the new or newly recast arguments that Culy raises for the first time in its reply memorandum that pertain to Count Three.

First, Culy asserts that Laney negligent misrepresentation is impermissible here because it is based on the same underlying allegations that form the basis for Laney's breach of contract claim, specifically, that Culy provided incorrect soil bore information to Laney. Culy concludes that Laney cannot thus recast its contract claim as a tort claim. But as Laney points out in its memorandum in opposition, the subcontract does not contain a commitment for the provision of accurate soil borings and Laney does not plead the failure to provide such accurate information as a breach of contract. Rather, Laney pleads the tort as a separate claim that occurred prior to the contract formation.

Second, Culy argues that it was the owner of the project and not Culy that supplied the soil bore information upon which Laney allegedly relied. Regardless of the original source of the information, the pleading indicates that Culy supplied the information to Laney (ECF No. 10 ¶¶ 65, 68-69) and that "Culy failed to exercise reasonable care or competence in obtaining or communicating this information." (ECF No. 10 ¶ 67.) This Court must accept the factual allegations set forth in Laney's counterclaims as true. Thus, the Court rejects Culy's theory that its actions cannot present a plausible negligent misrepresentation claim upon which this Court

8

can grant relief.

Third, Culy contends that because no requisite special relationship between Culy and Laney existed, Laney cannot assert a tort claim for negligent misrepresentation. Rather, Culy reasons, the duty it allegedly breached arose out of the subcontract. This latter contention is counter to the immediately foregoing analysis that explained that the tort purportedly occurred prior to the subcontract.

The former contention fails to effectuate dismissal for one of two possible reasons. Laney is correct that some persuasive authority rejects Culy's too-narrow "special relationship" argument. *See CCB Ohio LLC v. Chemque, Inc.*, 649 F. Supp. 2d 757, 767 (S.D. Ohio 2009); *ATM Exch., Inc. v. Visa Int'l Serv. Ass'n*, No. 1:05-CV-00732, 2008 WL 3843530, at *15-16 (S.D. Ohio Aug. 14, 2008); *In re Nat'l Century Fin. Enter., Inc., Inv. Litig.*, 580 F. Supp. 2d 639, 647 (S.D. Ohio 2008); *Nat'l Mulch & Seed, Inc. v. Rexius Forest By-Prods., Inc.*, No. 2:02-cv-1288, 2007 WL 894833, at * (S.D. Ohio Mar. 22, 2007). Even if Culy is correct that a special relationship is necessary, however, it is plausible that Laney falls within a limited category of entities that Culy intended to guide. A general contractor who solicits bids and provides potential subcontractors with the information needed to make a bid cannot be shocked that the subcontractors constitute a limited class of entities who would rely upon that information. The point of the bid information was to provide guidance for the subcontractors in their business transactions with Culy, which would place these facts within the scope of the special relationship referenced in *Doe v. SexSearch.com*, 551 F.3d 412, 418 (6th Cir. 2008).

Fourth, Culy argues that Laney cannot recover under negligent misrepresentation for purely economic loss. This Court disagrees based on the rationale of *National Mulch & Seed,*

*Inc. v. Rexius Forest By-Products, Inc.*, 2007 WL 894833, at *6-9. Dismissal of Count Three based on the economic loss rule or any other ground properly raised is not warranted.

This leaves for discussion Count Four of the answer and counterclaim, in which Laney asserts a fraud claim based on Culy's alleged representation that it would pay the original contract price plus an additional amount if Laney resumed work. Culy first attacks this claim on the grounds that Laney has failed to plead the asserted fraud with the requisite particularity.

The particularity requirement arises from Federal Rule of Civil Procedure 9(b), which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). To satisfy this rule, a plaintiff must "at a minimum allege the time, place and content of the misrepresentation upon which [it]. . . relied; the fraudulent intent of [the alleged tortfeasor]; and the injury resulting from the fraud." *Michaels Bldg. Co. v. Ameritrust Co., N.A.,* 848 F.2d 674, 680 (6th Cir. 1988). *See also United States v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 642 (6th Cir. 2003) (explaining that Rule 9(b) requires a plaintiff to state with particularity the circumstances of fraud–"i.e., the time, place, and substance"); *American Town Ctr. v. Hall 83 Assocs.*, 912 F.2d 104, 109 (6th Cir. 1990). Thus, although the *circumstances* of the fraud must be stated with requisite particularity, a complaint need not include evidence. *Michaels Bldg. Co.*, 848 F.2d at 680 n.9. What is required is simply sufficient notice of the nature of the claim. *Id*. at 680; *American Town Ctr.*, 912 F.2d at 109-10.

When deciding whether there is fair notice or a lack of particularity, a court must consider the heightened standard of Rule 9(b) in light of the policy of simplified pleadings set

forth in Rule 8. *Michaels Bldg. Co.,* 848 F.2d at 679; *American Town Ctr.*, 912 F.2d at 109. For this Court to consider only the particularity of Rule 9(b) would be too narrow and inappropriate considering the simplicity and flexibility in pleading contemplated by the Rules. *Michaels Bldg. Co.*, 848 F.2d at 679. Further, the Sixth Circuit Court of Appeals has held that Rule 9(b) may be relaxed when there has been a lack of discovery and the information needed for a party to achieve particularity is held exclusively by the opposing party. *Id.* at 680. Rule 9(b) therefore does not require the complaining party to be omniscient, and it is not intended to prevent courts from reaching the truth behind a case. *Id*. Rather, the main purpose behind Rule 9(b) is to provide notice of a party's claim to a defendant so that the defendant may be able to prepare an informed responsive pleading. *Id*. at 679; *Coffey v. Foamex, L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993).

Given the foregoing, the Court concludes that Laney has not sufficiently pled its fraud claim. Rule 9(b) does not require Laney to provide Culy each and every detail of the asserted fraud, but only the essential components. The counterclaim allegations provide Culy fair notice of some essential components of the claim. Given that the general content and nature of the asserted fraud are obvious from the pleading, any assertion of confusion on those aspects of the claim on the part of Culy can be regarded only as disingenuous. But the pleading wholly fails to identify the time, place, and manner of the alleged fraudulent communication. It fails to identify the specific name or names of the Culy employee(s) who made the targeted communications. It fails to indicate the date the communication was made. And it fails to identify how the communication was made.

These are not inconsequential omissions. The Sixth Circuit has explained that a fraud

claim must set forth the who, what, when, where, and how of the purported fraud. *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006). *See also U.S. ex rel. McDonough v. Symphony Diagnostic Services, Inc.*, No. 2:08-CV-00114, 2012 WL 628515, at *10 (S.D. Ohio Feb. 27, 2012) (recognizing "that 'particularity' under Rule 9(b) 'means the who, what, when, where, and how: the first paragraph of any newspaper story' " (quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990))). Although Laney has arguably pled the what, it has failed to plead the who, when, where, and how.

Laney argues that its pleading sufficiently addresses the missing criteria. The company suggests that it has sufficiently pled the who because only one defendant–Culy–is involved here, as opposed to those cases in which multiple defendants are involved. But the Sixth Circuit has held that "Rule 9(b)'s heightened pleading requirements require a plaintiff who pleads fraud to identify the speaker of the statement." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 551 (6th Cir. 2012) (citing *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 404 (6th Cir. 2012)). Culy acts and speaks only through its agents, and the pleading identifies no such agent.

Similarly unpersuasive is Laney's argument that the exact date of the fraudulent representation "is known to Culy because it is alleged to be tied to a specific event - just prior to Laney resuming work on OSU #1 and #2 crossings." (ECF No. 21, at 15-16.) Such in-the-ballpark inferential pleading is not pleading in accordance with Rule 9(b).

The failure to plead the who or the when alone dooms Laney's fraud claim here. But Culy is also correct that the pleading fails to provide the where and how. There is no basis for inferring that any of this information is held exclusively by Culy, which exempts this action from the proposition that " 'Rule 9(b) may be relaxed where information is *only* within the opposing

12

party's knowledge.' " *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003) (quoting *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 680 (6th Cir. 1988)). Rather, the proposition that applies here is that a court should dismiss for want of particularity a claim that "omits entirely the time and place of the alleged statements." *Cataldo*, 676 F.3d at 551.

At best, the pleading here omits the who, when, where, and how. There may be fair notice of the general nature of the purported fraud, but there is no fair notice, much less particularized pleading, regarding what speaker made the allegedly fraudulent representation, when precisely (or even more precisely than within a span of weeks) the representation was made, where the representation occurred, and how the representation was communicated to Laney. Given that Count Four thus fails for want of particularity, this Court need not and does not address Culy's alternative grounds for dismissal, including any new or newly recast arguments that Culy impermissibly raises for the first time in its reply memorandum.

### III.  Conclusion

The Court **DENIES** the motion to strike (ECF No. 27), **GRANTS** the motion for leave to file a surreply (ECF No. 27), and **GRANTS IN PART and DENIES IN PART** the motion to dismiss (ECF No. 16). Of the three counterclaims involved in today's decision, Counts Two and Three remain pending, while Count Four is dismissed.

**IT IS SO ORDERED**.

                                                   /s/ Gregory L. Frost
                                            GREGORY L. FROST
                                            UNITED STATES DISTRICT JUDGE